**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE CITY OF ROCHESTER,<br><br>_Plaintiff,_<br><br>v.<br><br>SMITH & WESSON BRANDS, INC; et al.,<br><br>_Defendants._ | Case No. 6:23-cv-06061-FPG<br><br>LEAD CASE<br><br>Honorable Frank P. Geraci, Jr. |
| THE CITY OF BUFFALO,<br><br>_Plaintiff,_<br><br>v.<br><br>SMITH & WESSON BRANDS, INC; et al.,<br><br>_Defendants._ | Case No. 6:23-cv-00066-FPG<br><br>Honorable Frank P. Geraci, Jr. |

**MEMORANDUM OF LAW IN SUPPORT OF STATE OF MONTANA AND**
**22 ADDITIONAL STATES' MOTION FOR LEAVE TO FILE _AMICI CURIAE_**
**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

The State of Montana and 22 additional states respectfully request that the Court grant their

Motion for Leave to File _Amici Curiae_ Brief in Support of Defendants' Motion to Dismiss to further

their interests in protecting the lawful firearms industry within their borders and the rights of their

citizens to keep and bear arms and to assist the Court in its consideration of the Protection of Lawful

Commerce in Arms Act and other issues raised in Defendants' Motion to Dismiss.[1]

**INTEREST OF _AMICI CURIAE_**

_Amici_, represented by their respective Attorneys General, submit this _amici curiae_ brief in

support of Defendants' Motion to Dismiss. The States have strong interests in the application of the

Protection of Lawful Commerce in Arms Act ("PLCAA") in this suit, both to protect the lawful

---

[1] No party's counsel authored the proposed brief in whole or in part, and no person other than _amici curiae_ and their counsel contributed money that was intended to fund preparing or submitting the proposed brief.

1

firearms industry within their borders and to protect the rights of their citizens to keep and bear arms under the Second Amendment of the United States Constitution. For these reasons, the States urge this Court grant the Motions to Dismiss.

## ARGUMENT

The Court should grant *Amici* leave to file their proposed brief addressing the important issues raised in the Defendants' Motion to Dismiss because the brief is desirable and relevant to the Court's consideration of the issues and the disposition of the case. District courts generally have "broad discretion to grant or deny an appearance as *amicus curiae* in a given case." *Citizens Against Casino Gambling v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007). Courts in this District have specifically recognized that "[a]n *amicus* brief should ordinarily be allowed . . . when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

There is no Federal or Local Rule of Civil Procedure governing the filing of *amicus* briefs in this Court. While district courts are not bound by the Federal Rules of Appellate Procedure, district courts sometime look to Federal Rule of Appellate Procedure 29 for guidance. *See United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991). Rule 29 requires that a motion for leave to file an *amicus* brief state the movant's interest and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(3). Each of these factors is met here.

As discussed above, *Amici* have a strong interest in the application of the PLCAA in these consolidated cases to protect the lawful firearms industry within their borders and the rights of their citizens to keep and bear arms. Montana and other States have frequently appeared as *amici* in cases implicating the firearms industry and the right to keep and bear arms. *E.g.*, Brief of Amicus Curiae

State of Montana and 19 Other States Supporting Defendants-Appellees and Affirmance, *Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*, No. 22-1823 (filed May 18, 2023). Further, *Amici*, which represent a wide variety of state governments, have a unique perspective that can assist the court beyond the perspective of the parties, local government entities and gun manufacturers.

*Amici's* proposed brief is also desirable and relevant to the disposition of these consolidated cases. The brief explains how the PLCAA is part of a carefully-calibrated regulatory scheme by which Congress has categorically precluded public nuisance liability for the firearms industry and how Plaintiffs' reading of the "predicate exception" to the PLCAA is inconsistent with the Supreme Court's instructions. The brief also highlights how Plaintiffs' claims collide with the Second Amendment in a State and cities that have facilitated the crime that purportedly underly their claims by eviscerating provisions that society has historically used to protect itself from offenders.

## CONCLUSION

For the foregoing reasons, *Amici* respectfully request that the Court grant them leave to file the attached proposed *amici curiae* brief.

Dated: March 30, 2026

Respectfully submitted,

AUSTIN KNUDSEN
Attorney General of Montana

By: ___*Joseph T. Burns*___
Joseph T. Burns (N.Y. Bar No. 4411666)
Holtzman Vogel Baran Torchinsky & Josefiak PLLC
5360 Genesee St., Suite 203
Buffalo, NY 14026
Phone: (716) 647-6103
Email: jburns@holtzmanvogel.com

*Counsel for Amicus State of Montana, by and through Attorney General Austin Knudsen*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2026, I filed the foregoing with the Clerk of Court by using

the CM/ECF system, through which counsel for all parties will be served.

*Joseph T. Burns*
Joseph T. Burns
*Counsel for Amicus State of Montana, by and*
*through Attorney General Austin Knudsen*

4